UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) CR 517-8 |
| v. | ) |
| | ) |
| CARLOS ALVARADO-GARCIA | ) |

## PLEA AGREEMENT

Defendant **CARLOS ALVARADO-GARCIA**, represented by his counsel, Marc G. Metts, and the United States of America, represented by Assistant United States Attorney Tania D. Groover, have reached a plea agreement in this case. The terms and conditions of that agreement are as follows.

1. Guilty Plea

Defendant agrees to enter a plea of guilty to Count One of the Indictment, which charges a violation of 8 U.S.C. § 1326, Re-Entry by a Felon After Removal/Deportation.

2. Elements and Factual Basis

The elements necessary to prove the offense charged in Count One are (1) that Defendant is an alien; (2) that the Defendant had been previously denied admission, excluded, deported and removed from the United States; (3) afterward, the Defendant knowingly entered or was found to be voluntarily back in the United States; and (4) the Defendant did not obtain the express consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission to the United States prior to returning to the United States.

The Defendant agrees that he is, in fact, guilty of this offense. He agrees to the accuracy of the following facts, which satisfy each of the offense's required elements:

On or about May 9, 2017, in Pierce County, within the Southern District of Georgia, and elsewhere, the defendant, **CARLOS ALVARADO-GARCIA,** being an alien previously excluded, deported and removed from the United States after being convicted of a felony offense, was found to be voluntarily in the United States without first having obtained permission for reentry as required by law, all done in violation of Title 8, United States Code, Sections 1326(a) and 1326(b)(1).

3.  Possible Sentence

Defendant's guilty plea will subject him to the following maximum possible penalties: Not more than ten years of imprisonment, a fine of up to $250,000, or both, not more than 3 years of supervised release, and a $100 special assessment.

4.  No Promised Sentence

As part of this plea agreement, the government will recommend that defendant be sentenced to the lower end of the guidelines. However, no one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range. The Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, the government, the U.S. Probation Office, or anyone else. The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw his plea of guilty if he receives a more severe sentence than he expects.

5.  Court's Use of Guidelines

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining his sentence. The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest. The Sentencing Guidelines are based on all of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the facts underlying the particular Count to which Defendant is pleading guilty.

6.  Agreements Regarding Sentencing Guidelines

    a.  Use of Information

The government is free to provide full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range.

    b.  Acceptance of Responsibility

The government will not object to a recommendation by the U.S. Probation Office that Defendant receive a two-level reduction in offense level for acceptance of responsibility pursuant to Section 3E1.1(a) of the Sentencing Guidelines. If the U.S. Probation Office makes that recommendation, and Defendant's offense level is 16 or greater prior to any reduction for acceptance of responsibility, the government will move for an additional one-level reduction in offense level pursuant to Section

3E1.1(b) based on Defendant's timely notification of his intention to enter a guilty plea.

    c.    <u>Low End of the Sentencing Guidelines</u>

The government will recommend that defendant be sentenced to the low end of the guidelines

7.    <u>Financial Obligations and Agreements</u>

<u>Special Assessment</u>

Defendant agrees to pay a special assessment in the amount of $100.00, payable to the Clerk of the United States District Court, which shall be due immediately at the time of sentencing.

8.    <u>Waivers</u>

    a.    <u>Waiver of Appeal</u>

Defendant entirely waives his right to a direct appeal of his conviction and sentence on any ground. The only exceptions are that the Defendant may file a direct appeal of his sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs his attorney not to file an appeal.

    b.    <u>Waiver of Collateral Attack</u>

Defendant entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C.

§ 2255 motion. The only exception is that Defendant may collaterally attack his conviction and sentence based on a claim of ineffective assistance of counsel.

c. FOIA and Privacy Act Waiver

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

d. Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or his plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

9. Immigration Effects

The defendant admits that the Defendant was the subject of a previous order of removal, deportation or exclusion. The defendant agrees to the reinstatement of that previous order of removal, deportation or exclusion. The Defendant admits that he does not have a fear of returning to the country designated in the previous order. If this plea agreement is accepted by the Court, the defendant agrees not to contest,

either directly or by collateral attack, the reinstatement of the prior order of removal, deportation or exclusion.

Defendant understands and knowingly waives any right to notice and a hearing before an immigration judge, or any other authority under the Immigration and Nationality Act, on the question of his removal from the United States. In this regard, Defendant understands and knowingly waives any right to examine the evidence against him, to present evidence on his own behalf, and to cross-examine witnesses presented by the government. Defendant specifically acknowledges and understands that he is removable from the United States pursuant to 8 U.S.C. § 1231(a)(5). Under this provision, Defendant's prior orders of removal will be reinstated from their original dates and thus are not subject to being reopened or reviewed. Defendant is not eligible and may not apply for any relief under the Immigration and Nationality Act, and Defendant shall be removed under the prior orders at any time after his illegal reentry.

10. <u>Defendant's Rights</u>

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which he will waive by pleading guilty, including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

11. <u>Satisfaction with Counsel</u>

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that his attorney has represented him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice given and the work performed by his attorney.

12. <u>Breach of Plea Agreement</u>

If Defendant breaches the plea agreement, withdraws his guilty plea, or attempts to withdraw his guilty plea, the government is released from any agreement herein regarding the calculation of the advisory Sentencing Guidelines or the appropriate sentence. In addition, the government may (1) declare the plea agreement null and void, (2) reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or (3) file new charges against Defendant that might otherwise be barred by this plea agreement. Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

13. Entire Agreement

This agreement contains the entire agreement between the government and Defendant.

R. BRIAN TANNER
UNITED STATES ATTORNEY

_____  _____
Date                 Brian T. Rafferty
                     Chief, Criminal Division

10/9/17              _____
Date                 Tania D. Groover
                     Assistant United States Attorney
                     Georgia Bar No. 127947

I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

10/06/17
Date

x*Carlos Alvarado*
Carlos Alvarado-Garcia
Defendant

I have fully explained to Defendant all of his rights, and I have carefully reviewed each and every part of this agreement with him. I believe that he fully and completely understands it, and that his decision to enter into this agreement is an informed, intelligent, and voluntary one.

10/06/17
Date

*Marc G. Metts*
Marc G. Metts
Defendant's Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 517-8 |
| | ) | |
| CARLOS ALVARADO-GARCIA | ) | |

## ORDER

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the defendant and the defendant's attorney at a hearing on the defendant's motion to change his plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by defendant be, and it is, hereby accepted and the foregoing Plea Agreement be, and it is, hereby ratified and confirmed.

This ___ day of _____ 2017.

_____
HON. LISA GODBEY WOOD
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA